UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAUL LEGARE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. TIM OCHOA, Warden,<br><br>　　　　Respondent.<br>_____/ | 1:10-CV-02379 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is represented in this action by Stephen M. Defilippis, Esq.

**DISCUSSION**

I.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,

1  440 F.2d 13, 14 (9th Cir. 1971).  Accordingly, the Court will conduct a preliminary review pursuant
2  to its authority under Rule 4.

3  II.  Jurisdiction

4       A federal court may only grant a petition for writ of habeas corpus if the petitioner can show
5  that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus
6  petition is the correct method for a prisoner to challenge "the lawfulness of confinement or to
7  particulars affecting its duration." Hill v. McDonough, 547 U.S. 573, 579 (2006); Badea v. Cox, 931
8  F.2d 573, 574 (9th Cir. 1991); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee
9  Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action
10 pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that
11 confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea,
12 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
13 Additionally,  "habeas jurisdiction is absent, and a § 1983 action proper, where a successful
14 challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v.
15 Galaza, 334 F.3d 850, 859 (9th Cir.2003).

16      In this case, Petitioner claims he has been wrongfully found guilty of a disciplinary violation.
17 He alleges the prison disciplinary board violated all applicable rules in finding Petitioner guilty, and
18 that his regulatory and statutory procedural due process protections were abrogated at every stage of
19 the disciplinary process.  He claims the disciplinary violation has irreparably harmed him by
20 precluding a favorable parole decision, the forfeit of good time credits, placement in administrative
21 segregation for nearly one year, oppression, physical ailments, isolation, expense and inconvenience.

22      Petitioner's claims concern the conditions of his confinement and are not cognizable in
23 federal habeas corpus. McCarthy, 500 U.S. at 141-42.  Petitioner alleges the length of his sentence is
24 affected because his chances for a favorable parole decision are diminished as a result of the
25 disciplinary violation.  This claim is entirely speculative.  If and when Petitioner becomes eligible for
26 parole, the instant prison disciplinary violation may or may not factor into the parole decision.  All
27 relevant information available to the parole panel, positive and negative, must be considered.  Cal.
28 Code Regs., tit. 15, § 2402(b).  The presence of one negative factor does not foreclose a favorable

parole determination. Id. Rather, the ultimate decision is whether the inmate will pose an unreasonable risk of danger to society if released.  Cal. Code Regs., tit. 15, § 2402(a).  In Petitioner's case, it is entirely possible that the prison disciplinary violation will not factor in at all to the parole determination, and even if it does, it may only be one of many circumstances considered.  A disciplinary violation for inciting a work stoppage or hunger strike is arguably irrelevant to a finding of current dangerousness; the violation may be stale at the time of a parole determination; and, as previously stated, there may be many factors indicating unsuitability, or there may be many greatly outweighing the significance of the instant disciplinary violation such that it will not matter.  The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134 (9th Cir.2000).

As to Petitioner's allegations concerning the loss of good-time credits, the Court notes that those time credits have been restored.  (See Attachments to Petition.)  Therefore, even if Petitioner's challenge to the disciplinary violation proved successful, his sentence would not necessarily be shortened.  The Court further notes that redress for Petitioner's claims of harm such as oppression, isolation and the like concern the conditions of confinement and are also not cognizable in federal habeas.  For the foregoing reasons, habeas jurisdiction does not lie in this case.  Ramirez, 334 F.3d at 859.

Petitioner's challenges to the prison disciplinary violation concern the conditions of confinement.  He must bring his claims by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  The instant petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 1, 2011**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE