UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAUL LEGARE,<br><br>    Petitioner,<br><br>    v.<br><br>J. TIM OCHOA, Warden,<br><br>    Respondent. | 1:10-cv-02379 AWI GSA HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. #19] |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Stephen M. Defilippis, Esq.

    On March 1, 2011, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DISMISSED for lack of jurisdiction. On July 24, 2013, the undersigned adopted the Findings and Recommendation in full and DISMISSED the petition.

    On July 25, 2013, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 59(e), requesting that the Court reconsider and set aside the judgment. Petitioner notes the Court's finding that habeas jurisdiction is absent because expungement of the disciplinary proceeding will not necessarily shorten Petitioner's sentence. Petitioner argues that in his situation, the guilty finding will operate to lengthen his sentence by four months. He states that the Board will fix his term and "invariably den[y]" him four months of post-conviction credits that he would otherwise be granted had he not sustained a disciplinary violation.

Petitioner's argument is without merit. There is no certainty that Petitioner will be granted parole. Only if he is granted parole will the Board consider post-conviction credit. For this reason alone, the argument is speculative. Even if he is granted parole, pursuant to 15 C.C.R. § 2410, the Board has the *discretion* to award credit against a prisoner's sentence. Under § 2410(a)-(b), a prisoner "may" earn credit against his sentence, and the suggested range based on varying criteria is between zero and four months. In Petitioner's case, he sustained a serious act of misconduct in accordance with 15 C.C.R. § 3315. According to § 2410(d), he may or may not receive credit depending on whether the Board finds evidence in mitigation. Moreover, the Board may deny credit for reasons independent of the disciplinary violation. Therefore, Petitioner's claim that expungement will necessarily shorten his sentence remains speculative. Habeas jurisdiction is absent.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  March 12, 2014                                    _____
                                                          SENIOR DISTRICT JUDGE